## Harris Brothers Corporation, Appellant, *v.* Philadelphia and Reading Railway Company.

*Common carriers—Contract of carriage—Bill of lading—Evidence—Sufficiency.*

In an action of assumpsit for breach of contract by a common carrier, a nonsuit is properly entered where the defense was that the bill of lading was a forgery and the plaintiff failed to produce sufficient evidence to establish the contrary.

In such case, the fact that the alleged bill of lading had endorsed thereon a stamped form used by the defendant company is not sufficient to prove its validity, where the form was not complete without a written signature by one having proper authority, and such signature was lacking.

Argued October 13, 1924. Appeal, No. 163, Oct. T., 1924, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1920, No. 8612, refusing to strike off nonsuit in the case of Harris Brothers Corporation v. Phila. & Reading Railway Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on bill of lading.   Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment of nonsuit, which it subsequently refused to strike off.   Plaintiff appealed.

*Errors assigned* were various rulings on evidence and refusal to strike off the nonsuit.

*A. L. Levi,* and with him *David Mandel, Jr.,* for appellant.—The bill of lading was properly authenticated and should have been admitted in evidence: Landeker v. Coöperative Bldg. Bank, 130 N. Y. Supp. 780; Deep River Nat. Bank's App., 47 Atl. 675; Drury v. Young, 42 Am. Rep. 343; Schneider v. Norris, 2 Maule & S. 286; Delaware Ins. Co. v. Pennsylvania F. Ins. Co., 55 S. E. 330, 7 A. & E. Ann. Cas. 1134; Anderson v. Wallace Lumber & Mfg. Co., 30 Wash. 147; Weston v. Myers, 33 Ill. 424.

*George Gowen Parry,* for appellee.

OPINION BY LINN, J., November 17, 1924:

The complaint is to the refusal to take off a nonsuit.

Appellant declared for the value of goods alleged to have been shipped by Jenoff from Philadelphia to plaintiff in New York, according to a bill of lading, copy of which was attached to the statement.   In form the bill appears to be that adopted and filed pursuant to the Interstate Commerce Act; the printed form contained blank spaces for appropriate entries, which had been made; at the bottom was printed: "This bill of lading is to be signed by the shipper and the agent of the carrier issuing same."   The copy attached to plaintiff's statement purported to be signed by the shipper and bore a stamp containing the name of the defendant and its freight agent, per a name more or less illegibly written, but printed by appellant as "Scherr."   The affidavit of

defense denied the receipt of the shipment, affirmatively asserted it had never been received, denied the contract to carry, the issue of the bill of lading, and the agent's signature to it, and in substance, pleaded that it was a forgery. On the issue so made, the parties went to trial.

It was of course part of appellant's case to prove that defendant had received the shipment and had agreed to carry it according to some receipt or bill of lading issued as required by the federal legislation on the subject. Plaintiff could produce no drayman to testify that he delivered the shipment to defendant and received the bill of lading. Nor did appellant produce evidence that it was signed by any one with authority to sign. It is contended that the bill was admissible because stamped with a form used by defendant at its freight receiving station. The words stamped were: "Philad'a & Reading Ry. Co. Broad Street Mar 20 1920 E. A. Scheetz, Frt. Agt. Per......" But proof of that fact was obviously not sufficient to admit the paper; before it became admissible, plaintiff was required to show that the blank following the word "per" had been filled in by someone having authority so to do. Appellant recognized that burden; it proved that no one named Scherr, Schner, or Schurr (to use the various spellings given in the record, of the name written in the blank), was employed by defendant; but no evidence was offered indicating that the name was written by anyone having authority to write it for defendant. The paper was accordingly excluded and as appellant was unable to show any contract to carry, a nonsuit was inevitable.

The argument is now made that as it bore a stamp in form used by defendant, proof of that fact rendered the bill admissible. We need not distinguish the cases cited by appellant, considering stamped signatures in their relation to the statute of frauds, further than to say that this stamp on its face indicated that it was intended to record only part of the transaction the remainder of which was to be inserted in the blank left for the pur-

pose; that such writing was actually inserted and was so understood by appellant, as appeared by its statement of claim. Appellant had been put on notice by the affidavit of defense that the writing was a forgery and its authenticity denied. Its proof failed.

We all agree that the seven assignments of error relating to the exclusion or admission of oral evidence, are without foundation and require no discussion. There was no abuse of discretion in refusing to withdraw a juror, and certainly no harm, since the case never went to the jury.

Judgment affirmed.